ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ADAM GINGOLD,

    Plaintiff,

vs.

BON SECOURS CHARITY HEALTH SYSTEM,

    Defendant.
-----------------------------------------------------------------x

COMPLAINT

08 CIV. 2364

JUDGE ROBINSON

    Plaintiff, by and through his counsel, Michael H. Sussman, hereby states and alleges as to defendant:

I. **PARTIES**

    1. Plaintiff, a person of legal age, is a disabled resident of Sullivan County, State of New York, within this judicial district.

    2. Defendant operates a health care facility in Port Jervis, County of Orange, within this judicial district.

II. **JURISDICTION**

    3. On or about July 16, 2007, plaintiff filed a complaint of employment discrimination with the New York State Human Rights Division and the Equal Employment Opportunity Commission alleging that defendant, his employer, was refusing to accommodate his mental disability.

    4. Plaintiff has now received a right to sue letter allowing him to initiate this action. **See**, Exhibit 1

    5. This Court has jurisdiction over this action pursuant to 42 U.S.C. 12101, et seq.

Page -1-

and ancillary jurisdiction over plaintiff's state claim pursuant to 28 U.S.C. 1367 as it arises from the same nucleus of common facts as does his federal claim.

### III. **FACTUAL ALLEGATIONS**

6. Plaintiff worked for defendant for approximately ten years, commencing in July 1997.

7. As of July 2007, plaintiff worked as a PC technician, discharging his job duties at Bon Secours Community Hospital in Port Jervis, New York.

8. Plaintiff resided in Glen Spey, New York, Town of Lumberland, about a fifteen minute drive from his work site.

9. On or about January 6, 2006 and on several occasions thereafter, plaintiff provided his employer with a letter from his physician, Dr. Shah, noting that he "had panic attacks while driving out of the local area."

10. This followed plaintiff's provision several years earlier of a note from the same physician which had indicated that plaintiff needed to stay within a sixty five mile radius of his home.

11. The later notes modified the first note and further restricted the distance plaintiff could reasonably travel without enduring panic attacks, a principal symptom of his psychiatric disorder.

12. Plaintiff's panic and severe anxiety disorder impaired his ability to travel and this constituted a disability within the meaning of both the New York State Executive Law and the Americans with Disabilities Act.

13. Despite knowledge of his limitation, between May and July 2007, acting through its agents, on several occasions, defendant proposed instituting a rotational system which, as he

Page -2-

understood it, would have caused plaintiff to travel to another facility in Warwick, New York two weeks out of every month and be responsible for coverage of IT functions on alternating weekends.

14. Having been informed of this plan, in mid-July 2007, plaintiff approached David Kurilla, his director, advised him of his limitation and requested a reasonable accommodation.

15. In response, Kurilla advised plaintiff that if he was unable to comply with the rotational system, he would be terminated the second week of September. Kurilla further advised plaintiff to commence looking for other employment.

16. Plaintiff then spoke with the Employee and Labor Relations Manager [ELRM] and explained his problem to her.

17. She stated she would get back to him, but did not.

18. In this light, wanting to avoid having a termination on his employment record, on July 20, 2007, plaintiff submitted his resignation from defendant's employ.

19. Thereafter, plaintiff again approached the ELRM and asked to rescind his resignation so that he could work out a reasonable accommodation with defendant.

20. The ELRM refused to allow plaintiff to rescind his resignation or to discuss with him any reasonable accommodation.

21. On August 14, 2007, in a phone conversation plaintiff initiated, the ELRM again refused to discuss the rescission of plaintiff's resignation and the provision of reasonable accommodation.

22. The following day, the ELRM wrote plaintiff an e-mail which stated, in part, that plaintiff had told her that he was not interested in returning to employment with

Page -3-

defendant. Plaintiff had never so stated to her.

23. After plaintiff corrected this mis-impression in an e-mail sent the same day, August 15, 2007, and reiterated his interest in re-gaining his job, defendant ceased contact with him.

24. On September 3, 2007, through counsel, plaintiff again sought to rescind his resignation and gain reasonable accommodation.

25. Through counsel's letter, plaintiff reiterated one reasonable accommodation which, if implemented, would allow him to discharge essential job functions and regain his employment without undue burden to his employer.

26. Defendant did not respond in any manner to counsel's letter.

27. Defendant never engaged in any reasonable discussion with plaintiff calculated to achieving a reasonable, mutually acceptable accommodation.

28. Plaintiff's resignation was a reasonable response to the defendant's willful and indefensible unwillingness to work toward such an accommodation.

29. Since his resignation, plaintiff has unsuccessfully sought comparable employment.

30. By dint of its conduct, namely, the acts and omissions set forth above, defendant has caused plaintiff pecuniary and non-pecuniary injuries compensable under both federal and state law.

31. Such non-pecuniary injuries include increased anxiety and emotional distress as well as humiliation.

## IV. **CAUSES OF ACTION**

32. Plaintiff incorporates paras. 1-31 as if fully rewritten herein.

33. Plaintiff hereby alleges that defendant violated the Americans with Disabilities

Act and section 296 of the New York State Executive Law by failing to reasonably accommodate his disability and by refusing to engage in a process calculated to reasonably accommodate his disability.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this cause;

b. empanel a jury to hear and decide all issues within its jurisdiction;

c. award plaintiff compensatory damages as permitted by law with pre- and post-judgment interest;

d. award plaintiff punitive damages as permitted by law

e. order plaintiff's reinstatement to his position or, in the alternative, enter an award for front pay;

f. award plaintiff reasonable attorneys' fees and litigation costs and

g. enter an award for any other relief it deems required by law and equity.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924

Dated: March 17, 2008

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Adam M. Gingold<br>49 Baran Drive<br>Glen Spey, NY 12737 | **From:** New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2007-04432 | **John B. Douglass,**<br>**Supervisory Investigator** | (212) 336-3765 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____        3-4-2008
Spencer H. Lewis, Jr.,                    (Date Mailed)
Director

Enclosures(s)

cc:   **GOOD SAMARITAN HOSPITAL**
      **255 Lafayette Avenue**
      **Suffern, NY 10901**