UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM GINGOLD | Civil Action No. 08 CIV 2364 (SCR) |
| Plaintiff, | JUDGE ROBINSON |
| v. | |
| BON SECOURS CHARITY HEALTH SYSTEM | |
| Defendant. | |

## ANSWER

Defendant Bon Secours Charity Health System, by its Attorneys, The Law Offices of Steinberg, Symer & Platt, LLP, hereby responds to the allegations contained in the Complaint in accordance with the numbered paragraphs.

I. **PARTIES**

1. Admitted in part. Denied in part. It is admitted that Plaintiff is a person of legal age. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's residence. The remaining allegations contained in Paragraph 1 of the Complaint are denied.

2. Admitted.

II. **JURISDICTION**

3. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his receipt of a Notice of Right to Sue. By way of further response, the document attached as Exhibit "1" is not a Notice of Right to Sue for the instant matter.

5. The allegations contained in Paragraph 5 of the Complaint constitutes conclusions of law to which no responsive pleading is required.

### III. FACTUAL ALLEGATIONS

6. Admitted.

7. Admitted in part. Denied in part. It is admitted that in July, 2007, Plaintiff was employed as a PC Technician based primarily at Bon Secours Community Hospital in Port Jervis, New York. The remaining allegations in Paragraph 7 of the Complaint are denied.

8. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denied in part. It is denied that Plaintiff provided the referenced letter to Defendant on or about January 6, 2006. Defendant is unable to admit or deny Plaintiff's reference to "several occasions" as such phrase is vague and unintelligible in the context of the Complaint.

10. Denied as stated. Inasmuch as the allegations contained in Paragraph 10 reference Plaintiff's alleged actions in Paragraph 9, which have been denied, the allegations contained in Paragraph 10 are also denied. By way of further response, it is admitted that preceding receipt of the note from Plaintiff dated January 6, 2006, Defendant had received a note referencing "65 miles." It is specifically denied that Paragraph 10 of the Complaint accurately characterizes said note, which speaks for itself.

11. Denied.

12. Denied.

13. Admitted in part. It is admitted that in June, 2007, Defendant advised PC support staff in the Information Services Department of a rotation schedule for both weekday and weekend coverage. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's "understanding" of such rotation system. The remaining allegations contained in Paragraph 13 of the Complaint are denied.

14. Denied.

15. Denied.

16. Denied as stated. Defendant is unable to admit or deny the sequence of events referenced in Paragraphs 14-16 as the allegations of such sequence are vague. It is admitted that Plaintiff spoke with Sheila Buthe, System Director, Employee & Labor Relations for Bon Secours Charity Health System, regarding the rotation proposal in mid-July. The remaining allegations contained in Paragraph 16 of the Complaint are denied.

17. Admitted in part. Denied in part. It is admitted that Ms. Buthe advised Plaintiff that she would "get back to him" or words to that effect. The remaining allegations contained in Paragraph 17 of the Complaint are denied.

18. Admitted in part. Denied in part. It is admitted that Plaintiff resigned his employment on or about July 20, 2007. The remaining allegations contained in Paragraph 18 of the Complaint are denied.

19. Admitted in part. Denied in part. It is admitted that subsequent to July 20, 2007. Plaintiff had communications with Ms. Buthe. The remaining allegations contained in Paragraph 19 of the Complaint are denied.

20. Denied.

21. Admitted in part. Denied in part. It is admitted that Plaintiff spoke with Ms. Buthe on or about August 14, 2007. The remaining allegations contained in Paragraph 21 of the Complaint are denied.

22. Admitted in part. Denied in part. It is admitted that on or about August 15, 2007, Ms. Buthe sent an e-mail to Plaintiff. The remaining allegations contained in Paragraph 22 of the Complaint are denied.

23. It is admitted that Plaintiff sent an e-mail to Ms. Buthe on August 15, 2007. The remaining allegations contained in Paragraph 23 of the Complaint are denied.

24. Denied.

25. Mr. Sussman's letter of September 3, 2007 speaks for itself. Plaintiff's characterization of such letter is denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

IV. **CAUSES OF ACTION**

32. Defendant incorporates its responses to Paragraph 1-31 of the Complaint as fully set forth above.

33. Denied.

## V. PRAYER FOR RELIEF

The allegations under this Section constitute a "Prayer for Relief" to which no responsive pleading is required.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which a claim may be based.

2. The Complaint fails to state a cognizable claim for violation of the New York State Human Rights Law.

3. Defendant did not violate any duty or right of the Plaintiff at any time or in any way.

4. Upon information and belief, Plaintiff has failed to mitigate his damages associated with this action.

5. At all material times, any actions taken by Defendant with respect to Plaintiff's employment and/or terms, conditions or privileges thereof, were taken for a legitimate, non-discriminatory reason.

6. If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions or conduct.

7. Defendant acted in good faith at all times with respect to Plaintiff's employment. As such, should there be a finding of liability, punitive damages may not be awarded.

8. To the extent that Plaintiff proceeds under a "mixed motive" theory, Defendant pleads, in the alternative, that it would have taken the same action with respect to Plaintiff's employment in the absence of any proven discriminatory motivating factor.

WHEREFORE, for the reasons set forth above, Defendant respectfully submits that this Complaint should be dismissed, with prejudice.

Dated: Poughkeepsie, NY
      May 23, 2008

Respectfully submitted:

STEINBERG, SYMER & PLATT, LLP
Attorneys for Defendant

BY: *Ellen A. Fischer*
ELLEN A. FISCHER [EF 6893]
27 Garden Street
Poughkeepsie, New York 12601
e.bopp@steinberg-law.com
(845) 471-4455

POST & SCHELL, P.C.
SIDNEY R. STEINBERG
DARREN M. CREASY
Proposed attorneys *pro hac vice* for Defendant
Four Penn Center, 14th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 587-1140 (Direct Dial)
(215) 587-1444 (Facsimile)

TO: SUSSMAN & WATKINS
Michael H. Sussman, Esq.
Attorney for Plaintiff
P.O. Box 1005
Goshen, NY 10924
845-294-3991

## CERTIFICATION OF SERVICE

I, ELLEN A. BOPP, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon all parties listed below on the date indicated, via First Class, U.S. Mail:

Michael H. Sussman, Esquire
Sussman & Watkins
P.O. Box 1005
Goshen, NY  10924
845-294-3991

**Attorney for Plaintiff**

Date:  May 23, 2008

*/s/ Ellen A. Fischer*
Ellen A. Fischer (EF 6893)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAM GINGOLD

                Plaintiff,

v.

BON SECOURS CHARITY HEALTH SYSTEM

                Defendant.

Civil Action No. 08 CIV 2364 (SCR)

JUDGE ROBINSON

## FEDERAL RULE 7.1 DISCLOSURE STATEMENT FORM

Please check one box:

☑    The nongovernmental corporate party, <u>Bon Secours Charity Health System</u>, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐    The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation and publicly held corporation that owns 10% or more of its stock:

_____
_____

Dated: May 23, 2008

                                                                 Respectfully submitted,

                                                                 STEINBERG, SYMER & PLATT, LLP

                              By: *Ellen A. Fischer*
                                              ELLEN A. FISCHER [EF 6893]
                                              27 Garden Street
                                              Poughkeepsie, NY  12601
                                              845-471-4455
                                              845-471-8065 (fax)
                                              Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the attached Disclosure Statement Form has been served this day via First-Class mail to the following person(s):

**Michael H. Sussman, Esquire**
**Sussman & Watkins**
**P.O. Box 1005**
**Goshen, NY  10924**
**845-294-3991**

(Attorney for Plaintiff)

Dated: May 23, 2008              By: _____
                                      Ellen A. Fischer [EF 6893]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM GINGOLD | Civil Action No. 08 CIV 2364 (SCR) |
| Plaintiff, | JUDGE ROBINSON |
| v. | |
| BON SECOURS CHARITY HEALTH SYSTEM | |
| Defendant. | |

### AFFIRMATION OF SERVICE

I, Ellen A. Fischer, declare under penalty of perjury that I have served a copy of the attached Answer and Rule 7.1 disclosure upon Michael Sussman, Esq., attorney for plaintiff whose address is Sussman & Watkins, PO Box 1005, Goshen, New York 10924 by depositing the same with the United States Postal Service with adequate postage thereon.

DATED:   Poughkeepsie, NY
         May 23, 2008

*Ellen A. Fischer*
Ellen A. Fischer [EF 6893]
Steinberg, Symer & Platt, LLP
27 Garden Street
Poughkeepsie, New York 12601
(845) 471-4455